http://www.va.gov/vetapp16/Files3/1621743.txt

Citation Nr: 1621743 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-13 873A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California

THE ISSUE

Entitlement to service connection for a right knee disorder secondary to service-connected left knee disabilities. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

A. Zenzano, Counsel

INTRODUCTION

The Veteran had active service from September 1971 to November 1973. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran testified before the undersigned Veterans Law Judge in a videoconference hearing from the RO in May 2015. A transcript of the hearing is of record.

In an August 2015 decision, the Board denied the claim of entitlement to service connection for a right knee disorder secondary to service-connected left knee disabilities. The Veteran appealed the August 2015 Board decision to the United States Court of Appeals for Veterans Claims (Court). In March 2016, the Court granted a joint motion for remand filed by representatives for both parties, vacating the Board's decision, and remanding the claim to the Board for further proceedings consistent with the joint motion.

This appeal has been processed utilizing the Veterans Benefits Management System (VBMS) and Virtual VA paperless, electronic claims processing systems.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In light of points raised in the parties' joint motion for remand, further AOJ action on the Veteran's appeal is warranted.

In the joint motion, the parties found that the Board impermissibly relied upon a June 2009 VA examiner's opinion which stated that "surgical findings of the right knee would appear to be related to a fairly recent acute injury, and it is less likely as not . . . caused by or a result of favoring the service-connected condition of his left knee." In particular, the joint motion indicated that the June 2009 opinion did not address secondary aggravation, and it was error for the Board to find that aggravation was implicitly denied in the opinion. Pursuant to the joint motion, the Board is therefore remanding the claim to obtain another opinion and/or examination regarding aggravation.

While on remand, any recent, outstanding VA treatment records should also be obtained and associated with the Veteran's electronic claims file.

Accordingly, the case is REMANDED for the following action:

1. Obtain any recent, relevant outstanding VA treatment records and associate them with the claims file. 

2. After obtaining all available treatment records, the claims file should be made available to the June 2009 VA examiner. If he is unavailable, the claims file should be forwarded to an appropriate medical professional to offer an addendum opinion regarding the etiology of the Veteran's right knee disorder. An examination of the Veteran is not required unless deemed necessary by the medical professional selected to offer the opinion. The claims file should be made available to, and be reviewed by, the examiner. 

The examiner should identify all currently diagnosed right knee disorders and render an opinion as to the following inquiry:

Is it at least as likely as not (a 50 percent probability or greater) that the Veteran's right knee disorder is aggravated (increased in severity beyond its normal progression) by his service-connected left knee disabilities?

If aggravation is present, the examiner should indicate, to the extent possible, the approximate level of severity of the right knee disorder before the onset of the aggravation. 

Rationale for all requested opinions shall be provided.

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL E. KILCOYNE 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).